**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California  90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Christopher J. Kondon (SBN 172339)
christopher.kondon@klgates.com
Saman M. Rejali (SBN 274517)
saman.rejali@klgates.com

Attorneys for Defendant, Adir Restaurants Corp., a California Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEDLOG COMPANY, an Illinois Corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>ADIR RESTAURANTS CORPORATION, a California Corporation,<br><br>            Defendant. | Case No.: 2:11-cv-05284-ABC<br><br>**ADIR RESTAURANTS CORPORATION'S EX PARTE APPLICATION TO STAY ENFORCEMENT OF JUDGMENT PURSUANT TO RULE 62(B)(4) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>[Filed Concurrently with Declaration Of Saman M. Rejali; Declaration of Elizabeth Van Horn; Declaration of Carlo Divita; and [Proposed] Order]<br><br>Judge: Hon. Audrey B. Collins<br>Courtroom:  680 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Adir Restaurants, Corp. ("Adir") will and hereby does apply to this Court *ex parte* for an Order staying enforcement of the judgment registered in the Central District of California on June 9, 2011, and assigned to this court on June 27, 2011, pending consideration of Adir's forthcoming Motion for Relief from Judgment pursuant to Rule 60(B)(4) and 60(B)(6) of the Federal Rules of Civil Procedure. Adir intends to file its Rule 60 motion once it has completed its meet and confer with counsel for Nedlog Company ("Nedlog"). In the alternative, Adir applies to this Court for an Order to shorten time to hear Adir's Motion for Relief from Judgment pursuant to Rule 60(B)(4) and 60(B)(6).

This *Ex Parte* Application is brought pursuant to Local Rule 7-19 and ¶ 6 of the Court's Procedures and Schedules, and ¶ 5 of this Court's "Order re Pretrial Conference" on the grounds that good cause exists to stay enforcement of the judgment pending a ruling on Adir's forthcoming Motion for Relief from Judgment pursuant to Rule 60(B)(4) and 60(B)(6) of the Federal Rules of Civil Procedure. This request is being brought *ex parte* because Adir will suffer irreparable injury if a hearing is set according to regular noticed motion procedures. *See* Declaration of Carlo Divita ("Divita Decl."), ¶ 6. Additionally, Adir is without fault in creating this crisis, having contacted its counsel to discuss its options upon receiving a notice of levy with writ of execution attached on July 7, 2011. *See* Declaration of Elizabeth Van Horn ("Van Horn Decl."), ¶ 6.

Pursuant to Local Rule 7-19, on July 11, 2011, counsel for Adir gave notice of its intent to file this *Ex Parte* Application by leaving a detailed voice message indicating the relief sought for counsel for Nedlog, Bruce J Zabarauskas of Crowell & Moring LLP (telephone: (949) 263-8400; address: 3 Park Plaza Twentieth Floor, Irvine, CA 92614-8505)). *See* Declaration of Saman M. Rejali ("Rejali Decl."), ¶ 2. Counsel for Adir also informed counsel for Nedlog that any opposition should be filed within 24 hours of service by facsimile. Rejali Decl., ¶ 2.

Counsel for Nedlog has indicated that they intend to oppose the application. Rejali Decl., ¶ 2.

This Application is based on the attached Memorandum of Points and Authorities, the Declarations of Elizabeth Van Horn, Saman M. Rejali, and Carlo Divita, as well as all pleadings, records and files in this action, together with such oral and documentary evidence as may be presented at the time of any hearing on this Application.

K&L GATES LLP

Dated: July 12, 2011          By: /s/ Saman M. Rejali
                              Attorney for Adir Restaurants Corp.
                              E-mail: saman.rejali@klgates.com

## MEMORANDUM OF POINTS AND AUTHORITIES

Adir Restaurants Corp. ("Adir"), by and through its attorneys, K&L Gates LLP, and in support of its Ex Parte Application to Stay the Enforcement of Judgment Pursuant to Rule 62(b)(4) of the Federal Rules of Civil Procedure, states as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND

On May 3, 2011, The Nedlog Company ("Nedlog") obtained a $148,497.44 arbitration award against Adir Restaurants Corp. ("Adir") resulting from an American Arbitration Association ("AAA") arbitration proceeding conducted in Illinois in March 2011. The arbitration concerned a contract under which Illinois-based Nedlog provided beverage-dispensing equipment and beverage mixes to Adir for use in Adir's quick-service "Pollo Campero" restaurants in Southern California. The Northern District of Illinois entered Judgment confirming the award on May 26, 2011, and certified the judgment for registration in another district on June 6. The judgment was registered in the Central District of California on June 9, 2011 and assigned to this Court on June 27.

As explained in Section II of this Application, Nedlog violated several Rules and Statutes in the process of confirming the arbitration award and registering the judgment in the Central District of California. As a result, Nedlog has been allowed to proceed with its efforts to enforce its arbitration award against Adir through writs of execution and levies on Adir's accounts and assets, in violation of express provisions of the Federal Arbitration Act ("FAA"), 28 U.S.C. § 1963 and the Federal Rules of Civil Procedure.[1]

While Nedlog is attempting to enforce its arbitration award against Adir by freezing and levying Adir's assets, Adir still has until August 3, 2011 to move to modify the award. As set forth below, Adir is likely to succeed in modifying the

---

[1] Specifically, Nedlog failed to comply with the service requirements of the FAA by serving its petition for confirmation on Adir, a nonresident, by certified mail and email, and ignored the time periods provided by 28 U.S.C. § 1963 in seeking certification before Adir's time to appeal had expired.

award, because as it stands now, Nedlog has received a significant windfall, representing nearly one-third of the award. Therefore, a stay is necessary to avoid further violation of Adir's rights and unnecessary litigation costs in attempting to retrieve portions of the award that may be reduced by modification. In other words, if Nedlog collects the entire award, and Adir successfully modifies the arbitration award, Adir will have its own judgment to enforce against Nedlog, requiring additional and needless litigation. This Court can administer this case more efficiently by granting a stay.

## II. THIS COURT SHOULD GRANT ADIR'S MOTION FOR A STAY WITHOUT A BOND BECAUSE THE COLLECTIONS PROCESS IS SIMPLE, THE DISPUTE WILL BE RESOLVED QUICKLY, ADIR IS ABLE TO PAY THE JUDGMENT, AND ADIR'S FORTHCOMING RULE 60 MOTION IS LIKELY TO SUCCEED.

Rule 62(b)(4) of the Federal Rules of Civil Procedure specifically provides that enforcement of a judgment should be stayed pending a motion for relief from a judgment under Rule 60. Fed. R. Civ. P. 62(b)(4). There is no requirement that Adir post a bond for this court to issue a stay. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). Issuance of a stay without requiring a bond is particularly appropriate in this case.

Courts consider the following factors, among others, when determining whether to issue a stay without a bond: "1) the complexity of the collection process; 2) the amount of time required to obtain a judgment after it is affirmed on appeal; 3) the degree of confidence that the district court has in the availability of funds to pay the judgment; 4) the defendant's ability to pay the judgment is so obvious that to require a bond would be a waste of money; and 5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." Moore's Fed. Prac. 3d Ed. § 62.03[2], citing *Dillon v. Chicago*, 866 F.2d 902, 905 (7th Cir. 1989); *see also Arban*, 345 F.3d at 409

(granting stay without bond based on disparity between defendant's annual revenue to pay and amount of judgment). Courts also consider the likelihood of success on the merits. *U.S. v. Moyer*, 2008 U.S. Dist. LEXIS 63995 (N.D. Cal. Aug. 12, 2008)

Addressing these factors in turn, a stay is particularly prudent in this case. First, the collection process simply entails Adir issuing a check to Nedlog for the amount of the award. Second, Adir's Rule 60 motion presents four procedural issues for the Court's review; disposition of this dispute should occur in a short period of time. Accordingly, the risks normally present in the issuance of a stay without a bond in a long appeal process are not present, and Nedlog's ability to collect on its arbitration award is not jeopardized.

The last three factors are easily disposed of. The amount of money at stake is not exorbitant ($148,977.44). As the attached declaration sets forth, Adir is in the possession of approximately $165,000 in liquid, unencumbered assets. Declaration of Carlo Divita ("Divita Decl."), ¶ 3. A stay is particularly prudent in this instance due to the strength of Adir's arguments regarding propriety of service in the Northern District of Illinois and the impropriety of Judge Shadur's decision, in addition to the clear error in the arbitration award. *See Moyer*, 2008 U.S. Dist. LEXIS 63995 (granting stay without bond under Rule 62(b) due in part to movant's likelihood of success on the merits). Further, Adir "need not demonstrate that [it] will succeed on the merits, but must at least show that [its] cause presents serious questions of law worthy of litigation." *Moyer*, 2008 U.S. Dist. LEXIS, at *16-17 (citing *Topanga Press, Inc. v. City of Los Angeles*, 989 F.2d 1524, 1528 (9th Cir. 1993)).

Nedlog petitioned the Northern District of Illinois to confirm the arbitration award prior to the expiration of the time in which Adir is allowed to move to vacate the award under Section 12 of the FAA.[2] In the process, Nedlog failed to serve Adir

---

[2] Under Section 12 of the FAA, Adir may move to vacate the order in a United States District Court within three months of that date, or by August 3, 2011. 9 U.S.C. § 12. Nedlog's initial application to confirm the award was filed on May 12 (and "served" by e-mail), an amended application was filed on May 20, 2011 (and "served" by

LA-484987 v2                                    6

properly with its petition, choosing instead to notify Adir of the confirmation hearing by certified mail, which reached Adir in California a mere three days before the hearing in Illinois.[3] *See* Declaration of Elizabeth Van Horn ("Van Horn Decl."), ¶ 5. Nedlog then moved to certify the judgment for registration in this Court before Adir's time to appeal had expired, in violation of 28 U.S.C. § 1963.[4] The District Court for the Northern District of Illinois allowed Nedlog to proceed down this path despite challenges from Adir to the service and timing of Nedlog's pleadings. In addition, not only were both the confirmation of the arbitration award and the certification and registration of that judgment entered prematurely, but the actual amount of the judgment resulted in a windfall to Nedlog of roughly $50,000.[5] Now, Nedlog is

---

certified mail, which Adir received on May 23), and the Illinois judgment was entered on May 26, 2011. *See* Rejali Decl., Exhs. A, B, D.

[3] It is well-settled that e-mail or certified mail, the only methods used by Nedlog, does not constitute "delivery" under Rule 4. *Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 781 (N.D. Ill. 1998). Nedlog also failed to effectuate proper service under Rule 4(h)(1)(A), which allows service on a corporation by complying with the law of the state in which the district is located under Rule 4(e)(1). Fed. R. Civ. P. 4(h)(1)(A) & 4(e)(1). Under Illinois law, service by certified mail or e-mail is not proper on corporations – or individuals, for that matter – and instead must be personally served on an agent within the state or "in any manner now or hereafter permitted by law." 735 Ill. Comp. Stat. 5/2-204. Service by certified mail or e-mail does not constitute "any other manner now or hereafter permitted by law" under Illinois or Federal Rules.

[4] A judgment shall not be certified for registration in another district prior to the expiration of the time for filing an appeal. 28 U.S.C. § 1963; *see also Occidental Fire & Casualty Co. of North Carolina v. Great Plains Cap. Corp.*, 912 F.Supp. 515 (S.D. Fla. 1995) (stressing impropriety of entering judgment prior to appeal deadline and highlighting the procedural conflicts such entry creates); *Armstrong v. Armstrong*, 130 F.R.D. 449, 455 (Dist. Colo 1990) (same). Here, the time for Adir to appeal the judgment confirming the arbitration award did not expire until thirty (30) days of its entry on May 26, 2011 – i.e., until June 25, 2011. The Illinois court certified the award on June 6, 2011. Although Adir chose not to appeal the judgment, the Illinois court's certification was nonetheless improper and should be vacated.

[5] Specifically, Nedlog is in the possession of soft drink mix that the arbitrator ruled Adir was required to purchase under the contract. Under the contract, Adir would have paid Nedlog for the mix, and Nedlog would have delivered the mix to Adir. The arbitration award contemplated and included payment from Adir to Nedlog for the soft drink mix (worth $41,889.75). However, the arbitrator failed to require Nedlog to deliver the soft drink mix to Adir, thus resulting in a windfall of nearly $42,000 to Nedlog. Accordingly, enforcing a judgment based on this award would create the inequitable circumstance where Nedlog receives payment for goods it never delivered.

1  flaunting a writ of execution issued by this Court, while Adir has been stripped of
2  important rights expressly provided to it under the FAA.  This Court is in a position
3  and has the authority to remedy this violation of Adir's rights.
4      Finally, while Nedlog is not harmed by a brief stay of the enforcement
5  proceedings, Adir is in position to be unnecessarily and unduly harmed in the event
6  Nedlog collects or freezes Adir's assets, affecting routine payroll commitments and
7  expenses, among other things.  Divita Decl. ¶ 6.  In sum, there is little harm in staying
8  the proceedings pending disposition of this motion, while there is substantial harm that
9  may arise if Nedlog is allowed to enforce its award.  A stay would prevent these harms
10 to Adir and promote efficiency in the administration of this case.
11     WHEREFORE, Adir respectfully requests this Court stay to the enforcement of
12 the judgment in this case pending disposition of its forthcoming Rule 60 motion.

K&L GATES LLP

Dated: July 12, 2011     By: /s/ Saman M. Rejali
                             Attorney for ADIR RESTAURANTS CORPORATION
                             E-mail: saman.rejali@klgates.com